UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN KORNER, | CASE NO. 1:14CV589 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| CAROLYN W. COLVIN,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM OPINION & ORDER |
| Defendant. | |

Karen Korner ("Plaintiff") seeks judicial review of the final decision of Carolyn W. Colvin ("Defendant"), Acting Commissioner of the Social Security Administration ("SSA"), denying her application for Disability Insurance Benefits ("DIB"). ECF Dkt. #1. For the following reasons, the Court AFFIRMS the Administrative Law Judge's ("ALJ") decision and dismisses Plaintiff's case with prejudice.

**I.    PROCEDURAL AND FACTUAL HISTORY**

Plaintiff applied for DIB on June 28, 2010, alleging disability beginning November 15, 2009 due to polycythemia vera, diabetes, peripheral neuropathy in the feet, chronic obstructive pulmonary disease ("COPD"), high blood pressure, severe fatigue, headaches, swelling in legs, leg pain, and depression. ECF Dkt. #7 ("Tr.") at 109, 218-222, 230. The SSA denied Plaintiff's applications initially and on reconsideration. *Id.* at 109-146. Plaintiff requested an administrative hearing and on April 16, 2012 and September 19, 2012, the ALJ conducted administrative hearings and accepted the testimony of Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 29-108, 147. On October 26, 2012, the ALJ issued a Decision finding that Plaintiff was not disabled under the Social Security Act and therefore was not entitled to DIB. *Id.* at 15-24.

---

[1]On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security, replacing Michael J. Astrue.

Plaintiff requested that the Appeals Council review the ALJ's Decision, and on January 15, 2014, the Appeals Council denied review. Tr. at 5-10.

On March 18, 2014, Plaintiff filed the instant suit seeking review of the ALJ's Decision. ECF Dkt. #1. On August 5, 2014, the parties consented to the jurisdiction of the undersigned. ECF Dkt. #10. On November 25, 2014, Plaintiff filed a brief on the merits. ECF Dkt. #15. On January 27, 2015, Defendant filed a brief on the merits, and on February 10, 2015, Plaintiff filed a reply brief. ECF Dkt. #s 17, 18.

**II.** **SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

The ALJ determined that Plaintiff suffers from diabetes mellitus, diabetic neuropathy, disorders of the back, torn meniscus of the right knee, obesity, and COPD, which constitute severe impairments under 20 C.F.R. §404.1520(c). Tr. at 13. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. ("Listings"). *Id*. at 22-23.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 404.1567(b), except that she could lift/carry up to twenty pounds occasionally and ten pounds frequently and stand approximately 3 hours of an 8-hour workday. Tr. at 14. The ALJ found that Plaintiff could never climb ladders, ropes or scaffolds, and she could occasionally stoop, kneel, crouch, crawl or climb ramps and stairs. *Id*. He further found that Plaintiff should avoid concentrated exposure to humidity, moderate exposure to irritants (such as fumes, odors, dust, gases and poorly ventilated areas) and all exposure to the use of hazardous machinery, operational control of moving machinery and unprotected heights. *Id*. at 14-15.

The ALJ further found that based upon the RFC and the testimony of the VE, Plaintiff was able to return to her past relevant work as a home health aide as Plaintiff performed it and as an office manager as generally performed in the national economy and as Plaintiff actually performed it. Tr. at 18. As a consequence, the ALJ found that Plaintiff had not been under a disability as defined in the SSA and was not entitled to DIB.

### III.  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits.  These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see  20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step.  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV.  STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. §405(g).  Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).

## V.     LAW AND ANALYSIS

### A.     Dr. Kakish's Opinion

Plaintiff first asserts that the ALJ did not properly evaluate the April 9, 2012 opinion of her treating physician, Dr. Kakish. ECF Dkt. #15 at 14-19. For the following reasons, the Court finds that the ALJ properly evaluated Dr. Kakish's opinion and substantial evidence supports his decision to give it little weight.

An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than to those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers, supra*, at 243. If that presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544.

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore " 'be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied.' " *Wilson,* 378 F.3d at 544 quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243, citing *Wilson*, 378 F.3d at 544.

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, No. 09-3889, 2010 WL 1725066, at *8 (6th Cir. Apr.28, 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, No. 09-6437, 2011 WL 867214, at *7 (6th Cir. March 15, 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he considers all of a claimant's medically determinable impairments and his opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir.2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir.2010) (quotation omitted).

On April 9, 2012, Dr. Kakish completed a checkbox assessment form in which he checked "yes" by the box stating that Plaintiff's abilities to lift and carry were affected by her impairments. Tr. at 444. He also wrote in that Plaintiff could lift/carry up to a maximum of ten pounds and could only do so occasionally. *Id*. Across from this part of the form was a section requesting that Dr. Kakish list the medical findings that supported this assessment. *Id*. Dr. Kakish left this section blank. *Id*. He also checked "yes" by the box stating that Plaintiff's abilities to stand/walk were affected by her impairments and he wrote "0" next to the "total" number of hours that she could stand/walk per 8-hour workday. *Id*. Next to this assessment was a section requesting that Dr. Kakish list the medical findings that supported this assessment. *Id*. He wrote that Plaintiff develops body and leg pain with walking for ten minutes and she has to stop and rest. *Id*. He further opined that Plaintiff's ability to sit was not affected by her impairments, but she could never climb, balance, stoop, crouch, kneel or crawl and her impairments created no environmental restrictions. *Id*. at 445.

Plaintiff complains that the ALJ failed to evaluate Dr. Kakish's opinion as required under 20 C.F.R. § 404.1527(c) because he said nothing in his decision about "the length of Plaintiff's treatment relationship with Dr. Kakish, the frequency of examination, the extent of their treatment relationship, the support given for the opinion, nor the consistency of the opinion with the record as a whole." ECFDkt. #15 at 16.

20 C.F.R. § 404.1527(c) provides in relevant part that unless the ALJ attributes controlling weight to a treating source's opinion, he must consider all of the following factors in deciding the weight to give any medical opinion: examining relationship; the treatment relationship, which includes the length of that relationship and the nature and extent of that relationship; supportability of an opinion; consistency of the opinion with the record as a whole; the specialty of the medical source; and other factors, including the amount of understanding of the SSA disability program and the extent that a medical source has with a claimant's entire case record. 20 C.F.R. § 404.1527(c). A medical source's statement on an issue reserved for the Commissioner, such as an assertion that a claimant is "disabled" or "unable to work," is a legal conclusion and not a medical opinion. 20 C.F.R. § 404.1527(d). Such statements are not entitled to any special significance. 20 C.F.R. §

404.1527(d)(3). "The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004).

Moreover, the "[r]esponsibility for deciding residual functional capacity rests with the ALJ," not a physician. *Vlach v. Comm'r of Soc. Sec.*, No. 12-2452, 2013 WL 3766585, at *12 (N.D. Ohio July 16, 2013) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)); accord 20 C.F.R. § 404.1546(c) (the ALJ "is responsible for assessing your residual functional capacity"); *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is a matter for the ALJ alone – not a treating or examining doctor – to decide."). To determine an individual's RFC, the Commissioner will review "all of the relevant medical and other evidence" in the record, which may include, but is not limited to, medical source opinions. 20 C.F.R. § 404.1545(a)(3).

The ALJ in the instant case considered Dr. Kakish's opinion, but found that it was "not credible because it was inconsistent with the claimant's treatment notes." Tr. at 16. He explained that Plaintiff was treated conservatively for her impairments and the conservative treatment appeared to control her symptoms. *Id*. He specifically cited to an August 2012 treatment note showing that Plaintiff denied numbness or tingling in her legs and her respiratory condition was stable. *Id.* The ALJ further noted that Dr. Kakish provided no objective medical evidence for his opinion conclusions and he seemed to rely upon Plaintiff's subjective reports of her symptoms and limitations. *Id*. The ALJ also explained that Dr. Kakish's opinion was inconsistent with the other medical opinions that the ALJ found credible, including the opinions of Drs. Long and Torello, agency physicians. *Id*.

Although courts strongly prefer that an ALJ do so, it is not a requirement that the ALJ address in his decision every factor under 20 C.F.R. § 404.1527(c) when determining the weight to give a medical opinion. *See Adams v. Astrue*, No. 1:07-cv-2543, 2008 WL 9396450, at *3, fn. 5, citing *Thacker v. Comm'r of Soc. Sec*., 99 Fed. App'x 661, 665 (6th Cir. 2004). Here, the ALJ cited to 20 C.F.R. § 404.1527 and he noted that in 2007, Dr. Kakish diagnosed Plaintiff with type 2 diabetes and diabetic neuropathy. Tr. at 15. He cites to most of Dr. Kakish's treatment notes and the tests that Dr. Kakish ordered from 2007 through 2012, which shows both the frequency of

Plaintiff's visits with Dr. Kakish and the length of the treatment relationship between Plaintiff and Dr. Kakish. *Id*., citing Tr. at 313-344, 369-380, 422-443. The ALJ also specifically addressed the supportability of Dr. Kakish's opinion, finding that he provided no medical support for his opinion. Tr. at 16. He additionally addressed the consistency of Dr. Kakish's opinion with the record as a whole when he concluded that the opinion was inconsistent with Plaintiff's treatment records and other medical opinions in the file, including those of Drs. Long and Torello. *Id*.

Since the ALJ was not required to specifically address each of the factors in 20 C.F.R. §404.1527(c) and the ALJ's decision shows that he did consider most of the factors and impliedly considered the length of the treatment relationship and frequency of visits with Dr. Kakish, the Court finds no merit to Plaintiff's assertion that the ALJ failed to evaluate Dr. Kakish's opinion as required by the regulation.

Plaintiff further asserts that the ALJ erred in discounting Dr. Kakish's opinion when he found that Dr. Kakish provided no objective support for his opinion and stated that Dr. Kakish based his opinion mainly upon Plaintiff's subjective complaints. ECF Dkt. #15 at 16.

As indicated above, Dr. Kakish completed the medical assessment form concerning Plaintiff's ability to perform work-related activities and checked the boxes concerning Plaintiff's limitations on work-related abilities. Tr. at 444. However, Dr. Kakish did not complete the sections accompanying each opined limitation which requested that he identify the medical findings that supported his limitations. *Id*. In fact, the form itself cautions: "IT IS IMPORTANT THAT YOU RELATE PARTICULAR MEDICAL FINDINGS TO ANY ASSESSED REDUCTION IN CAPACITY: THE USEFULNESS OF YOUR ASSESSMENT DEPENDS ON THE EXTENT TO WHICH YOU DO THIS." *Id*.

One of the reasons that the ALJ relied upon in attributing little weight to Dr. Kakish's opinion was the fact that he provided no objective support for his opinions. Tr. at 16. Plaintiff argues that the ALJ's statement is untrue because Dr. Kakish ordered tests for Plaintiff and received the results of said tests prior to completing the assessment. ECF Dkt. #15 at 16. The Court agrees with Plaintiff that Dr. Kakish likely received the results from those tests before he completed the assessment. However, the form itself stressed the significance of completing the medical findings

portion to provide support for each limitation and Dr. Kakish did not complete this section as to any of his opined limitations. Further, the Court cannot discern from the assessment form, Dr. Kakish's treatment notes, or the ordered tests, which impairment or records that Dr. Kakish relied upon for each of his opined limitations. Plaintiff treated with Dr. Kakish for diabetes, diabetes mellitus, COPD, torn meniscus of the right knee, a back disorder and obesity, all of which the ALJ found severe. And the record contains quite a number of tests ordered by Dr. Kakish and a number of his treatment notes as to each of Plaintiff's impairments. Thus, the Court finds that without Dr. Kakish's completion of the medical findings portion of the assessment to support his limitations, the ALJ did not err in finding that objective medical support was lacking for Dr. Kakish's conclusions and in using that as one of the factors in attributing only some weight to Dr. Kakish's opinion. The Court notes that Dr. Kakish did provide a statement for the standing/walking limitation where he opined that Plaintiff could stand/walk for "0" hours in an eight-hour day. Tr. at 444. As to the medical findings supporting this assessment, Dr. Kakish merely wrote that Plaintiff develops back and leg pain with walking ten minutes and has to stop and rest. *Id.* The Court finds that this statement, without more, sounds like it is merely Plaintiff's statement of her symptoms rather than Dr. Kakish's medical basis explaining which impairment affected the standing and walking abilities and the medical support confirming these limitations. Accordingly, the Court finds that the ALJ reasonably found that Dr. Kakish's opinion lacked objective medical support and substantial evidence supports the ALJ's treatment of that opinion.

The ALJ also reviewed the inconsistency factor, finding that Dr. Kakish's opinion was inconsistent with treatment notes and the other medical evidence, including other medical opinions. Tr. at 16. The ALJ cited to a number of treatment notes showing that Plaintiff was treated conservatively for her impairments and the conservative treatments controlled her symptoms of diabetes, COPD and osteoarthritis. Tr. at 14-16. He specifically referred to records from 2009, 2010, 2011 and 2012 showing that Plaintiff's diabetes was under control. *Id*. at 15, citing Tr. at 369, 372, 422, 423. The ALJ also noted that doctors suspected that Plaintiff had proximal myopathy due to diabetes and she was treated with medication for that. *Id.* at 15. He further cited to records indicating that Plaintiff did not check her blood glucose regularly but testing was negative for

-9-

peripheral artery disease at the time and diabetes control during most times was still good. *Id*. at 15, citing Tr. at 422-423.  The ALJ also cited to treatment notes and medical records indicating that Plaintiff denied joint pain, swelling, back pain or muscle pain at times, and denied numbness and tingling in her legs. *Id.* at 15, citing Tr. at 348, 444-450.  He noted that January 20, 2012 testing of her lower extremities showed that Plaintiff had no hemodynamically occlusive arterial disease in the right or left lower extremity, but digital perfusion was diminished in both feet. *Id.* at 15, citing Tr. at 429, 450.  The ALJ further cited to records in July of 2010 diagnosing Plaintiff with COPD for which she received an inhaler and medication. *Id*. at 16, citing Tr. at 316, 319.  He pointed to records indicating that Plaintiff continued to smoke despite doctors' warnings and to March of 2010 and 2012 records showing that Plaintiff's lungs were clear, she reported no shortness of breath, and her respiratory condition was stable. *Id*. at 16, citing Tr. at 314, 317, 320, 344-350, 423, 446.

Based upon the above, the Court finds that substantial evidence supports the ALJ's decision to attribute little weight to Dr. Kakish's opinion.

### B.    **Agency Physician Opinions**

Plaintiff also asserts that the ALJ erred in attributing great weight to the assessments of Drs. Long and Torello, the agency reviewing physicians who opined that Plaintiff was able to perform light work that included standing or walking with normal breaks for two to three hours, sitting for about six hours of an eight-hour day, unlimited pushing and pulling, occasional climbing of ramps and stairs, never climbing ladders, ropes or scaffolds, frequent balancing, unlimited stooping, and occasional crouching, kneeling and crawling.  ECF Dkt. #18 at 3; Tr. at 16-17.  The Court finds that substantial evidence supports the ALJ's decision to give more weight to the agency physicians.

Social Security Ruling ("SSR") 96-6p provides that "[i]n appropriate circumstances, the opinions from State agency medical ... consultants may be entitled to greater weight than the opinions of treating or examining sources." S.S.R. 96–6p, 1996 WL 374180, at *3 (July 2, 1996 ). While an ALJ is not bound by the findings of a state agency physician, they are considered "highly qualified physicians...who are also experts in Social Security disability evaluation.  Therefore, administrative law judges must consider findings and other opinions of State agency medical...physicians as opinion evidence."  20 C.F.R. § 404.1527(e)(2).

In this case, the ALJ explained that the opinions of Drs. Long and Torello were consistent with Plaintiff's treatment records and the fact that conservative treatment appeared to control Plaintiff's symptoms. Tr. at 16-17. He explained that the state agency physicians provided detailed support for their conclusions and those conclusions were reasonable in light of the record. *Id*. at 17. He also noted that the state agency physicians were familiar with the agency's rules and regulations which added credibility to their assessments. *Id*.

While Plaintiff correctly asserts that these physicians did not have the benefit of Dr. Kakish's subsequent tests and notes as their opinions were issued in September of 2010 and January of 2011, respectively (Tr. at 118, 130), the ALJ sufficiently articulated his reasons for attributing less than controlling weight to Dr. Kakish's opinion and for crediting the opinions of these state agency physicians. The ALJ's decision also demonstrates that he considered the medical evidence developed after the state agency physicians' opinions and formulated a RFC that considered all of the evidence
of record. Tr. at 15-17. The ultimate determination of a claimant's RFC rests with the ALJ. 20 C.F.R. § 404.1527(d)(2). The ALJ adequately explained his reasons for the weight attributed to the agency physicians' opinions and substantial evidence supports his decision to attribute great weight to those opinions.

### C.    **SSR 96-8p Function by Function Assessment**

Plaintiff additionally asserts that the ALJ did not comply with SSR 96-8p because he failed to assess her ability to stand and walk, especially in light of her testimony that she could walk for only ten minutes and then has to look for somewhere to sit or lean. ECF Dkt. #15 at 19-20. She also complains that the ALJ failed to discuss or determine her ability to work on a regular and continuing basis when she testified that when she last worked, she worked from 10:00 a.m. to 2:30 p.m. which included four ten-minute stretch breaks in the morning and four ten-minute stretch breaks in the afternoon. *Id*. at 20.

The ALJ indicated in his decision that he considered Plaintiff's testimony that she could walk for about ten minutes before having to stop and rest. Tr. at 15, 37. He also considered Plaintiff's complaint to a physician that her legs felt "heavy" when she walked and her complaint of right knee

-11-

pain and swelling that caused her discomfort when she walked. *Id.* at 15. The ALJ further noted Plaintiff's complaint in 2012 of increasing back, leg and knee pain after ten minutes of walking. *Id*. at 16. He also considered Dr. Kakish's opinion that Plaintiff could not stand or walk for more than ten minutes without rest, and he considered the opinions of Dr. Long, who opined that Plaintiff could stand or walk with normal breaks for two hours, and Dr. Torello, who opined that Plaintiff could stand or walk with normal breaks for three hours. *Id*. at 16-17.

Plaintiff is correct that the ALJ failed to expressly include a walking limitation in his RFC. Tr. at 14-15. However, the ALJ did indicate that he gave great weight to the opinions of Drs. Long and Torello, two agency physicians who opined that Plaintiff could perform light work which included standing or walking limitations with normal breaks of two to three hours. *Id*. The ALJ thereafter explained why he gave great weight to those opinions. *Id*. The fact that the ALJ gave great weight to the opinions of these agency physicians, one of whom opined a three-hour standing and walking limitation for Plaintiff, lends support for a finding that the ALJ inadvertently omitted the walking limitation of three hours. Further, ALJs typically attach the same time limitation to the walking limitation as to the standing limitation in their decisions. Thus, while he omitted the walking limitation in his RFC, an inference can be made that the ALJ inadvertently omitted the walking limitation.

However, even if the ALJ's omission of the walking limitation was error, the Court finds that remand is not warranted because harmless error applies. At the ALJ hearing, one of the hypothetical individuals that the ALJ presented to the ALJ was that of a person with Plaintiff's age, education and work background who was limited to the full range of sedentary activity with a sit/stand requirement, never having to climb ladders, ropes or scaffolds, but occasionally climbing ramps or stairs and occasionally stooping, kneeling, crouching, crawling and balancing, and with no concentrated exposure to humidity and irritants, and no exposure to hazardous machinery, operation and control of moving machinery, and unprotected heights . Tr. at 94, 97-98. The VE testified that such an individual could still perform Plaintiff's past relevant work as an office manager. *Id*. at 98. Moreover, the ALJ also obtained testimony from the VE at the hearing concerning other jobs that a hypothetical person could perform with Plaintiff's age, education and work background and the

-12-

limitations that he opined. *Id*. The VE testified that such a person could perform the representative occupations of receptionist and bookkeeper which were sedentary exertional levels with the other limitations of the ALJ's hypothetical individuals and such jobs were available in significant numbers in the national economy. *Id*. Thus, even if the ALJ erred in omitting the walking limitation, harmless error negates a remand of the instant case because the ALJ presented a hypothetical individual with a sedentary limitation to the ALJ and the VE testified that such a person could return to Plaintiff's past relevant work as an office manager with such a limitation and could perform the other jobs of receptionist and bookkeeper which were available in significant numbers in the national economy.

## VI.  CONCLUSION

For the foregoing reasons, the Court AFFIRMS the ALJ's decision and DISMISSES Plaintiff's complaint in its entirety with prejudice.

DATE: August 10, 2015

                                               */s/George J. Limbert*
                                               **GEORGE J. LIMBERT**
                                               **UNITED STATES MAGISTRATE JUDGE**